Upson, J.
The original action was brought to recover the amount-claimed to be due upon a promissory note for the sum of two-hundred thirteen dollars and twenty cents, made by John. Cowell, dated November 15, 1884, and payable to Zemiah Potter, now Zemiah Harris, or bearer, one day after date, with interest at eight per cent., upon which note a payment was-made March 5, 1885, of one hundred dollars. Cowell in his-answer alleged, that about October, 1883, Mrs. Potter, in collusion with others, induced him to purchase of her twenty bushels of Bohemian oats, at ten dollars per bushel, and to-give her therefor his promissory note for two hundred dollars,, payable November 1, 1884, with interest at six per cent., and. at the same time agreed with him that if he1 would purchase-the oats, and give his note therefor, she, with others, would sell for him, on or before October 25, 1884, forty bushels of said oats, to be raised by him, at ten dollars per bushel, and also* then gave to him a bond to the same effect, purporting to be* *405 the bond of the “Erie, Huron, Sandusky and Seneca County Bohemian Oat Association;” that the note upon which the action was brought was given in renewal of the one described in the answer; that he raised the oats, and had them on hand, ready for delivery at a convenient place, but that no part thereof had been sold for him as agreed, whereby he has sustained damages, to the amount of four hundred dollars, for which he asks judgment. If it should be held that he is not entitled to such judgment, Cowell asks that the note sued up-en may be cancelled, and that he may recover judgment for the sum of one hundred dollars paid by him March 5, 1885.
M. B. Lemmon, for plaintiff in error.
Finch & Dewey, for defendant in error.
To this answer the plaintiff filed a general demurrer, which was sustained by the court, and judgment rendered in favor cf the plaintiff for the amount upon the promissory note described in the petition.
The petition in error is filed to reverse the judgment.
If the contract made by these parties was not made for a fraudulent purpose, and is to be regarded as a valid contract, the facts stated in the defendant’s answer ar.e sufficient to constitute a counterclaim, and the demurrer should have been overruled.
The true nature of such contracts is, however, so generally known, that we are of opinion it may be fairly presumed that both parties understood this contract to be against public policy, fraudulent and void. The case is therefore to be disposed of upon the principles stated in our opinion in the case of Shirey v. Ulsh, decided at this term. The parties being in pari delicto, the law will leave them where it finds them, and will neither enforce the collection of a note given for such a consideration, nor allow the recovery of damages sustained by the breach of such an agreement.
Judgment reversed and cause remanded for further proceedings.